**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**TOMAS LEMUS,**

          **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　Case No.  6:06-cv-596-Orl-22UAM

**AYALA ENTERPRISES, INC., and SAUL A. AYALA,**

          **Defendants.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion:

> **MOTION:** **JOINT MOTION FOR APPROVAL OF PROPOSED SETTLEMENT (Doc. No. 30)**
>
> **FILED:** September 19, 2007
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

Plaintiff and Defendants jointly move the Court to approve their settlement of Plaintiff's claims pursuant to the Fair Labor Standards Act ("FLSA") and to dismiss the case with prejudice.

The Court has reviewed the proposed settlement as required by *Lynn's Food Stores, Inc. v. United States, U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982), and finds the settlement is a fair and reasonable resolution of a bona fide dispute.  The case involved disputed issues of FLSA coverage and compliance, which constitutes a bona fide dispute.  Each party was represented by independent counsel, who were obligated to vigorously represent their client.  The Court finds the

proposed settlement of payment to Plaintiff of $4,627 for back wages and $4,627 for liquidated damages in exchange for Plaintiff's release of claims and dismissal of the action with prejudice to be fair and reasonable.

An award of "reasonable attorneys' fee[s] . . . and costs" is mandatory under § 216(b) if the employer is held liable. Although the court is obligated to award the attorneys' fees, Congress's use of the word "reasonable" confers discretion upon the court to determine the amount of fees to be awarded. The parties have agreed that Defendant will pay Plaintiff's counsel $10,496 for fees and costs related to this action. The parties agree that this amount is reasonable. Given the parties' agreement, the Court finds that it is unnecessary to conduct an in-depth analysis of the fees and costs.

The settlement agreement contains a provision that the agreement may be enforced "by any court having jurisdiction." Doc. 30-2 at ¶ 19. Pursuant to *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994), the Court does not retain jurisdiction over the settlement agreement unless it does so expressly in its order dismissing the action or unless it incorporates the terms of the settlement agreement in the order. As the parties agree that any breach of the agreement is to be determined by applicable Florida law, and because breach of the agreement would not involve any federal claim, the Court should not retain jurisdiction to enforce the settlement agreement.

**IT IS RECOMMENDED THAT**:

1. The Court grant the motion to approve the settlement only to the extent that it is a fair and reasonable resolution of a bona fide dispute; and

2. The Court dismiss the case with prejudice and direct the Clerk to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on September 26, 2007.

*Donald P. Dietrich*
DONALD P. DIETRICH
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

The Honorable Anne C. Conway